IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MOHAMMED KHALEEL, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. H-24-2970 |
| § | |
| UNITED STATES DEPARTMENT OF § | |
| STATE, U.S. EMBASSY IN ABU § | |
| DHABI, UNITED ARAB EMIRATES, § | |
| MARCO RUBIO,[1] § | |
| AND MARINA A. STRONG, § | |
| § | |
| Defendants. § | |

MEMORANDUM AND ORDER

Pending is Defendants' Motion to Dismiss under FED. R. CIV. P. 12(b)(1) (Document No. 15). After carefully considering the motion, the parties' submissions, and applicable law, the Court concludes as follows.

I. Background

On June 4, 2018, Plaintiff Mohammed Khaleel, a U.S. citizen, filed an I-130 Petition for Alien Relative on behalf of his mother, Yasameen Al Mashahedi, who is a citizen of Iraq. Document No. 1 ¶¶ 1, 12. On August 7, 2019, the United States Citizenship and Immigration Service ("USCIS") accepted Plaintiff's submission of

---

[1] Marco Rubio, successor to Antony J. Blinken as Secretary of State, is substituted as a Defendant. *See* FED. R. CIV. P. 25(d).

documents, approved the petition, and forwarded the I-130 petition to the National Visa Center for further processing. Id. at ¶¶ 15-16. The government directed Plaintiff to bring original copies of these documents to the next stage in the proceedings--an interview at a U.S. Embassy or Consulate. Document No. 16 at 10-13.

On April 5, 2021, a consular officer interviewed Yasameen Al Mashahedi at the U.S. Embassy in Abu Dhabi, United Arab Emirates. Document No. 1 ¶ 17. At that interview, the consular officer refused Plaintiff's I-130 Petition pursuant to the Immigration and Nationality Act ("INA") § 221(g) [8 U.S.C. § 1201(g)] because of missing documentation.[2] Document No. 16 at 14. The Consular officer's refusal letter (the "Refusal Letter"), explained that the refusal could be overcome "once the missing documentation is submitted and/or administrative processing is completed." Id. Plaintiff maintains that he had previously submitted all the documents identified as "missing" but he proceeded to submit them all again. Id. at 7. Plaintiff's subsequent status inquiries, including through U.S. Congressmen, have received responses that his mother's application "is still undergoing administrative processing." See Id. at 16.

Frustrated that he had not received the decision he seeks, Plaintiff filed this action in August 2024, requesting the Court

---

[2] INA § 221(g) is codified at 8 U.S.C. § 1201(g). The latter statutory citation will be used herein for clarity.

2

to adjudicate Yasameen Al Mashahedi's entitlement to an immigrant visa and issue a writ of mandamus, among other things, to compel Defendants to issue an immigrant visa to Yasameen Al Mashahedi. Document No. 1. Pending is Defendants' Motion to Dismiss, arguing that a consular officer's refusal decision on a visa application is itself an official adjudication of that application and is final unless and until it is superseded by another decision, which may or may not occur. Because Plaintiff's mother has already received the required adjudication by a consular officer, Plaintiff's claim is moot and his case must be dismissed for lack of jurisdiction. Document No. 15.

A party may seek dismissal of an action for lack of subject-matter jurisdiction. FED. R. CIV. P. 12(b)(1). The burden of establishing subject-matter jurisdiction is on the party seeking to invoke it, which here is Plaintiff. Ramming v. United States, 281 F.3d 158, 161 (5th Cir. 2001) (per curiam). A claim is "properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate" the claim. Home Builders Ass'n, of Miss., Inc. v. City of Madison, Miss., 143 F.3d 1006, 1010 (5th Cir. 1998) (internal citation omitted). The court should consider a Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits. Ramming, 281 F.3d at 161.

## II. Analysis

Plaintiff contends that Defendants have failed to conclude his application "within a reasonable time" as required by the Administrative Procedure Act ("APA") § 555(b), and that the Court pursuant to APA § 706(1) and 28 U.S.C. § 1361 (writ of mandamus) should "compel[] Defendants to issue an immigrant visa to Yasameen Al Mashahedi." Document No. 1.³ The APA confers jurisdiction to "compel agency action unlawfully withheld or unreasonably delayed," but "only where plaintiff asserts that an agency failed to take a discrete agency action that it is required to take." Norton v. S. Utah Wilderness All., 124 S. Ct. 2373, 2378-79 (2004) (quoting 5 U.S.C. § 706(1)). Ultimately, a claim to compel agency

---

³ This case presents no facts where the Court would have jurisdiction to compel the State Department or Executive Branch of government to issue an immigration visa to Plaintiff's mother. The APA at most authorizes the Court under very limited circumstances to compel an agency to take a required action or make a required decision, but not to compel the outcome of that action or decision, which is within the agency's authority.

> "When the Executive exercises" [a Congressionally-delegated] power negatively on the basis of a facially legitimate and bona fide reason, the courts will neither look behind the exercise of discretion, nor test it. . . ." Kleindienst v. Mandel, 92 S.Ct. 2576, 2585 (1972) (considering constitutional rights).

> "A reviewing court is not to substitute its judgment for that of the agency, and the court is to show proper deference to agency expertise." Chi-Feng Chang v. Thornburgh, 719 F.Supp. 532, 535 (N.D. Tex. 1989) (Fitzwater, J.) (considering APA § 706(2)).

4

action under the APA and for the issuance of a writ of mandamus require "essentially the same showing for both claims: that there is '(1) a clear right to relief, (2) a clear duty by the respondent to do the act requested, and (3) the lack of any other adequate remedy.'" Sawan v. Chertoff, 589 F. Supp. 2d 817, 825 (S.D. Tex. 2008) (Rosenthal, J.) (quoting Davis v. Fechtel, 150 F.3d 486, 487 (5th Cir. 1998)).

Here, it is undisputed that the INA confers a duty to act and a right to an adjudication. See 8 U.S.C. § 1202(b) ("All immigrant visa applications shall be reviewed and adjudicated by a consular officer."). Plaintiff throughout his Complaint repeatedly pleads that "Defendants have not made any decision in regard to Yasameen Al Mashahedi['s] visa application," "the agency has refused to issue a decision on this case," Plaintiff "has made repeated attempts to obtain a decision . . . with no success," "Defendants have refused to adjudicate Plaintiff's application and to issue the requested visa application," and the like. Document No. 1 ¶¶ 9, 17, 18, 22. Defendants respond that they did perform their duty to review and adjudicate Plaintiff's application when the Consular officer conducted a timely hearing with Plaintiff's mother and refused the visa application pursuant to 8 U.S.C. § 1201(g). Document No. 15 at 12-16. Title 8 U.S.C. § 1201(g) states in relevant part that "[n]o visa or other documentation shall be issued to an alien if . . . the application fails to

comply with the provisions of this chapter, or the regulations issued thereunder . . . ." 8 U.S.C. § 1201(g). The controlling issue, therefore, is whether the consular officer's hearing and decision to issue the Refusal Letter--denying the application under § 1201(g)--fulfills the government's duty to adjudicate Plaintiff's I-130 application.

The overwhelming weight of authority persuasively confirms that it does. Just last month, in Pegah Z. v. Blinken, No. CV-H-24-529, 2025 WL 629343, at *3-4 (S.D. Tex. Feb. 4, 2025) (Ho, M.J.), this Court conducted an exhaustive study of § 1201(g) visa refusals and found complete consensus among the federal courts in Texas on this issue. Id. (citing Yahya v. Blinken, No. 4:23-CV-04005, 2024 WL 3497936 (S.D. Tex. July 22, 2024) (Eskridge, J.); Malik v. Schofer, No. CV H-23-4819, 2024 WL 5374743 (S.D. Tex. July 17, 2024) (Lake, J); Gharamaleki v. Blinken, No. 4:23-CV-3119, 2024 WL 4354705 (S.D. Tex. Sept. 30, 2024) (Hanks, J.); Jolghazi v. Blinken, No. 5:23-CV-01071-OLG, 2024 WL 4182593 (W.D. Tex. July 30, 2024) (Garcia, J.); Bamdad v. United States Dep't of State, No. 1:23-CV-757-DAE, 2024 WL 1462948 (W.D. Tex. Feb. 9, 2024) (Ezra, J.); Tariq v. Blinken, No. 3:21-CV-02841-M, 2023 WL 2661543 (N.D. Tex. Jan. 31, 2023) (Lynn, J.).

All of these opinions hold that a consular official's visa refusal under § 1201(g) fulfills the government obligations under the APA "to conclude a matter presented to it," and none

holds--where a refusal letter is issued--that agency action has been "unlawfully withheld or unreasonably delayed." *See* 5 U.S.C. §§ 555(b), and 605(1). Pegah Z. found the "well-reasoned" approach underlying those decisions to be dispositive of the issue. 2025 WL 629343, at *4. As it happens, numbers of the above cited cases have facts practically the same as here.

For example, in Malik v. Schofer, the plaintiff filed an I-130 visa petition seeking legal status for her sister. 2024 WL 5374743, at *1. USCIS initially approved the documentation, but after an interview with a consular officer the officer refused the application pursuant to 8 U.S.C. § 1201(g), and placed it in administrative processing. Id. This interview and refusal, the Court held, fulfilled the agency's duty under 8 U.S.C. 1201(b) which requires that "all immigrant visa applications shall be reviewed and adjudicated by a consular officer." Because a consular officer under § 1201(g) may refuse an application only "where there is a ground of ineligibility or failure to comply with application requirements," such a refusal is a non-discretionary final adjudication that fulfills the government's duty under 8 U.S.C. § 1202(b). Id. at *3.

Plaintiff's argument that a visa refusal under 8 U.S.C. § 1201(g) is not final because his visa petition was then placed in administrative processing has no persuasive support in caselaw. "[T]he mere possibility that the Government might reconsider its

7

refusal under § 1201(g) doesn't somehow render non-final the action that it has taken." Yahya, 2024 WL 3497936, at *3. In Karimova v. Abate, No. 23-5178, 2024 WL 3517852 (D.C. Cir. July 24, 2024) (per curiam), the Court affirmed the district court's dismissal of a claim like this one, where the consular officer refused the visa application pursuant to 8 U.S.C. § 1201(g) and then placed her application in "administrative processing." The Court of Appeals explained that the plaintiff's "application remains refused, even though the Consular officer chose to leave it in administrative processing in case something changes [plaintiff's] eligibility." Id. at *2. "Unless and until that happens, though, the visa application remains officially refused. Because the visa application has already been officially refused, keeping the door open in administrative processing can only benefit, never hurt, the applicant's entry prospects." Id. So it is here. The consular officer, upon adjudication of Plaintiff's application, officially refused the application, but as an act of grace not required by law, placed the application in administrative processing in case things should change.

Plaintiff also challenges the consular officer's stated reason for denial--missing documentation--arguing that it is untrue and that he had provided all requested documentation before the consular officer interviewed his mother. That, however, is an argument on the merits of the consular officer's decision, which

8

this Court has no jurisdiction to consider. Title 8 U.S.C. 1202(b) and the APA merely require that the government adjudicate I-130 visa petitions; they do not give the Court authority to compel a specific result. Any final decision, for any reason allowed by statute, satisfies the adjudication requirement, even where the application is subsequently placed in administrative processing or the applicant disputes the merits of the decision. *See* Yahya, 2024 WL 3497936 at *3. ("[M]andamus simply isn't available to compel action that's already been taken."). Refusal under 8 U.S.C. § 1201(g) is a final adjudication decision and the Court has no authority under the APA or injunction statute to compel the Secretary of State or consular officer to make a second adjudication of the application or to make a different decision.[4]

Finally, Plaintiff's due process claim under the Fifth Amendment is meritless. "[F]ifth amendment protection attaches only when the federal government seeks to deny a liberty or property interest. Knoetze v. U.S., Dep't of State, 634 F.2d 207, 211 (5th Cir. 1981) (citing Perry v. Sinderman, 92 S.Ct. 2694 (1972). But "the Constitution does not *require*" that Congress

---

[4] The two cases that Plaintiff cites do not require a different result. *See* Document No. 20 at 4 (citing Salar v. Blinken, No. CV-H-24-1343 (S.D. Tex. 2024); Al Janabi v. Blinken, CV-H-23-3471 (S.D. Tex. 20243). In both cases, the plaintiffs voluntarily dismissed all claims as moot after they received visas, but in neither case did the Court order the State Department to make another adjudication of Plaintiff's application, as Plaintiff here requests.

9

"prioritize the unity of the immigrant family." Dep't of State v. Munoz, 144 S. Ct. 1812, 1825 (2024); *see also* Morassaei v. United States Dep't of State, No. SACV 24-823 PA (DFMX), 2024 WL 5047480, at *4 (C.D. Cal. Sept. 25, 2024) ("If, as the Supreme Court declared in Muñoz, that a spouse has no fundamental right protected by the Due Process Clause to bring a noncitizen spouse to the United States, there is no basis to conclude that Rojin has a fundamental right to bring her father to the United States."); Ghadami v. United States Dep't of Homeland Sec., No. CV 19-00397 (ABJ), 2020 WL 1308376, at *11 (D.D.C. Mar. 19, 2020) (dismissing plaintiff's due process claim because the adjudication of her mother's I-130 visa application did not "implicate a liberty interest protected by the Fifth Amendment"). Procedural due process is also barred because the interview at the embassy constituted adequate notice and opportunity for a hearing. *See* Hinojosa v. Cohan, No. 1:23-CV-136, 2024 WL 3751275, at *7 (S.D. Tex. Aug. 9, 2024).[5]

---

[5] Plaintiff also alleges that the Department of Homeland Security has a policy known as "Controlled Application Review and Resolution Program" ("CARRP"), to delay applications deemed to be "national security concerns." Plaintiff alleges that USCIS, which is part of the Department of Homeland Security, delayed more than 19,000 people under this policy between FY 2008 and FY 2012. Plaintiff conclusorily alleges without pleading any supportive facts that his mother's application is wrongfully delayed by CARRP. Elsewhere, however, Plaintiff pleads that USCIS "purportedly approved Plaintiff's I-130 visa petition on August 07, 2019." Document No. 1, ¶ 15. That USCIS did approve the application is agreed by the parties' concurrence in their respective pleadings

## III. Order

For the foregoing reasons, it is

ORDERED that Defendants United States Department of State, U.S. Embassy in Abu Dhabi, Marco Rubio, and Martina A. Strong's Rule 12(b)(1) Motion to Dismiss (Document No. 15) is GRANTED, and Plaintiff Mohammed Khaleel's claims are DISMISSED WITHOUT PREJUDICE for lack of subject-matter jurisdiction.

The Clerk will enter this Order, providing a correct copy to all counsel of record.

SIGNED at Houston, Texas, on this 11TH day of March, 2025.

EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE

---

that USCIS forwarded Plaintiff's application to the State Department for hearing and adjudication, and a consular officer reviewed the application at a hearing attended by Plaintiff's mother. This belies the notion that USCIS is delaying or holding the application under CARRP. Plaintiff has failed to plead a CARPP claim upon which relief can be granted.